IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

CLERK'S OFFICE U.S. DIST COURT
AT ABINGDON, VA
FILED

JUL 1 2 2005

JOHN F. CORCORAN, CLERK
BY: /s/
     DEPUTY CLERK

| | |
|---|---|
| ALOMA HOBBS, **Administratrix of the Estate of** GEORGE D. HOBBS, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 2:04cv00081 ) **MEMORANDUM OPINION** ) |
| RONALD D. OAKES, et al., | ) ) By: GLEN M. WILLIAMS |
| Defendants. | ) Senior United States District Judge |

At the time of his death, George D. Hobbs, ("Hobbs"), was a detainee at the Wise County Jail. Following Hobbs's death, Aloma Hobbs, ("plaintiff"), in her capacity as the administratrix of Hobbs's estate, filed this action against defendants Ronald D. Oakes, John Cox, Todd Thompson, Teresa Deel and Richard Reece, in both their individual and official capacities, alleging violations of Hobbs's constitutional rights pursuant to 42 U.S.C. § 1983. This matter is currently before the court on the defendants' Motion To Dismiss And Answer, (Docket Item No. 12), and the Plaintiff's Response To Defendants' Motion To Dismiss, (Docket Item No. 18). The court has jurisdiction in this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

*I. Facts*

The record indicates that Hobbs was incarcerated at the Wise County Jail on

September 10, 2002.[1] On October 1, 2002, Hobbs notified the jail staff that he was experiencing chest pains and requested that he be taken to see a doctor. As Hobbs's condition worsened, Hobb's fellow inmates began to notify the jail staff the Hobbs needed medical attention. Despite these requests, the jail staff failed to have Hobbs examined by a medical professional. On October 5, 2002, Hobbs died at the Wise County Jail.

## II. Analysis

The defendants raise four arguments in support of their motion to dismiss. First, the defendants argue that the plaintiff has failed to allege that she has standing to sue on Hobbs's behalf. Second, the defendants argue that the Eleventh Amendment bars the plaintiff's claims to the extent that they are brought against the defendants in their official capacities. Third, the defendants argue that the Complaint is defective in that it fails to identify the specific acts of each defendant which allegedly constitutes deliberate indifference. Finally, the defendants argue that the plaintiff's claim against Sheriff Oaks should be dismissed to the extent that it is based upon a theory of supervisory liability.

### A. The Plaintiff's Standing To Sue

The defendants first argue that the plaintiff has failed to allege that she has

---

[1] Because a court must presume all factual allegations in the Complaint to be true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), this statement of facts is based upon the allegations set forth in the plaintiff's Complaint.

-2-

standing to sue on Hobbs's behalf. (Docket Item No. 12, at 2.) Here, the courts have held that a properly qualified personal representative or administratrix is authorized to pursue a constitutional claim on behalf of a decedent. *See O'Conner v. Several Unknown Correctional Officers*, 523 F. Supp. 1345, 1348 (E.D. Va. 1981). Therefore, the court finds that the plaintiff has alleged facts sufficient to establish standing to sue on Hobbs's behalf.

### B. The Defendants' Immunity From Suit Under The Eleventh Amendment

The defendants next argue that they are immune from the plaintiff's claims to the extent that they are brought against them in their official capacities. In *Blankenship v. Warren County, Va., et al.*, 918 F. Supp. 970, 974 (W.D. Va. 1996), this court held that sheriffs and sheriff's departments were arms of the state and, thus, were entitled to immunity from suit under the Eleventh Amendment. The plaintiff does not dispute that *Blankenship* is controlling on this issue. Rather, she asks that the court reconsider its decision in light of the principles set forth in *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). Having reviewed the Supreme Court's holding in *Mt. Healthy*, the court finds no reason to depart from the its holding in *Blankenship*. Therefore, the plaintiff's claims are dismissed to the extent that they are brought against the defendants in their official capacities.

### C. Failure To Identify The Individual Defendants' Specific Conduct

Next, the defendants argue that the Complaint is deficient in that it fails to identify the conduct of each individual defendant that allegedly constitutes deliberate

-3-

indifference to a serious medical needs. (Docket Item No. 12, at 3.) A complaint generally is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief," Federal Rule of Civil Procedure 8(a)(2), and provides "adequate notice" to the defendant regarding the essential elements of the plaintiff's claim. *See United States v. Potemken*, 841 F.2d 97, 102 (4th Cir. 1988). Here, the Complaint alleges that "[u]pon information and belief, the Wise County [J]ail staff acted with deliberate indifference in withholding medical care from Hobbs in an effort to coerce him into providing information regarding suspected criminal activity." (Docket Item No. 1, at 3.) Other courts have held a complaint to be sufficient where the unlawful conduct is known but the identities of the perpetrators were not. *See Brown v. Mitchell*, 308 F. Supp. 2d. 682, 702 (E.D. Va. 2004) (upholding the sufficiency of the plaintiff's complaint where it alleged that several unknown guards had acted with deliberate indifference to the decedent's serious medical needs). Therefore, the court finds that the Complaint is sufficient in that it provides the defendants with adequate notice of the plaintiff's claims against them.

## D. *Supervisory Liability Under 42 U.S.C. § 1983*

Finally, the defendants argue that the plaintiff's claim against Sheriff Oakes should be dismissed because it is based upon a theory of respondeat superior. As the plaintiff notes, it is now well settled that the "doctrine of *respondeat superior* has no application under [§ 1983]." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); *see also Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978); *Bryant v. Winston*, 750 F. Supp. 733, 734-735 (E.D. Va.1990) (observing that "an

-4-

Case 2:04-cv-00081-GMW-PMS   Document 24   Filed 07/12/05   Page 4 of 6   Pageid#: 63

officer may not be held liable for actions of his deputy based on a theory of *respondeat superior* in a suit brought under 42 U.S.C. § 1983"). In her Complaint, the plaintiff does not allege that Sheriff Oakes was personally involved in the alleged denial of Hobbs's constitutional rights. Rather, the Complaint merely alleges that "[w]hile [a detainee is] in the custody of the Wise County jail, it is the responsibility of the jailers and ultimately the Sheriff to provide necessary medical treatment." (Docket item No. 1, at 3.) Although the plaintiff notes in her response to the defendants' motion to dismiss that there are several theories upon which Sheriff Oakes's liability could be based, these theories were not included in the original Complaint. Therefore, the plaintiff's claims against Sheriff Oakes based on the theory of respondeat superior must be dismissed.

### III. Conclusion

Based on the above, the defendants' Motion to Dismiss will be GRANTED insofar as the plaintiff's claims against the defendants in their official capacities will be DISMISSED. In addition, the defendants' Motion to Dismiss will be GRANTED insofar as the plaintiff's claim against Sheriff Oakes in his individual capacity will be DISMISSED. The defendants' Motion to Dismiss will be denied insofar as it sought dismissal of the claims against the remaining defendants in their individual capacity.

An appropriate order will be entered.

DATED: This 12th day July, 2005.

                                                          SENIOR UNITED STATES DISTRICT JUDGE